**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-4987**
_____

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

        v.

LUIS JOSE GRANADOS-ARVIZU,

              Defendant – Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Chief District Judge.  (1:09-cr-00414-JAB-1)

_____

Submitted:  March 30, 2011              Decided:  April 6, 2011

_____

Before WILKINSON and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Jose Granados-Arvizu ("Granados") pled guilty, pursuant to a written plea agreement, to one count of possession with the intent to distribute methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 2006 & Supp. 2010), and one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006).  The district court calculated Granados's Guidelines range on the methamphetamine count at 87 to 108 months' imprisonment, see U.S. Sentencing Guidelines Manual ("USSG") (2009).  Additionally, Granados was subject to a statutorily mandated consecutive sentence of sixty months' imprisonment on the firearms count, and this became his Guidelines sentence on that count.  The district court sentenced Granados to ninety-six months' imprisonment on the methamphetamine count and a consecutive sentence of sixty months' imprisonment on the firearms count, for an aggregate sentence of 156 months' imprisonment.  Granados appeals his sentence.  We affirm.

This court reviews the district court's sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard."  Gall v. United States, 552 U.S. 38, 41 (2007).  This review entails appellate consideration of both the procedural and substantive reasonableness of a sentence.  Id. at 51.

2

Granados challenges the substantive reasonableness of the 156-month prison sentence, but does not contest its procedural reasonableness.

When reviewing a sentence for substantive reasonableness, we take into account "the totality of the circumstances." Id. This court accords a sentence within a properly-calculated Guidelines range an appellate presumption of reasonableness. See United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the [18 U.S.C.] § 3553(a) [(2006)] factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted). Further, "[a] statutorily required sentence . . . is per se reasonable." United States v. Farrior, 535 F.3d 210, 224 (4th Cir. 2008).

We have reviewed the record and the parties' briefs and conclude that the 156-month sentence is not substantively unreasonable. The ninety-six month sentence on the methamphetamine count falls within the properly calculated Guidelines range, and Granados fails to overcome the appellate presumption of reasonableness afforded that sentence. Further, the sixty-month consecutive sentence on the firearms count was required by statute and is therefore per se reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED